**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **vs.**        No.    08 CR 0115

**MARK POLCHAN,**

    **Defendant.**

**MOTION IN OPPOSITION TO GOVERNMENT'S MOTION FOR DETENION**

    NOW COMES the Defendant, **MARK POLCHAN**, by and through his attorney, ALEXANDER M. SALERNO, and objects to the government's oral motion to detain him prior to trial without bond and in support of said denial, the Defendant states and alleges as follows:

    1.    That as of today's date, the Defendant has not received a written pleading from the government[1], therefore the Defendant is not in a position to deny or admit certain allegations contained in the indictment, and does not know what evidence the government will offer in support of their motion to detain Mr. Polchan. The Defendant reserves the right to present oral evidence and/or cross examine witnesses brought forth by the government in support of their motion for detention.

---

[1] Defendant received the pleading after preparation of this motion, therefore will respond and cross-examine potential witnesses during the bond hearing.

2.      In light of the above paragraph, the Defendant asserts that under 18 U.S.C. Section 3142, he is a candidate for a pretrial release.  Under 18. U.S.C. Section 3142, subsection (g), the statute enumerates factors for this Court to consider in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person in the community.  Those factors are under 3142(g) subsection 1 are:

(1)     the nature and circumstances of the offense charged including whether the offense is a crime of violence, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or a destructive devise;

(2)     the weight of the evidence against the person;

(3)     the history and characteristics of the person, including:

   (a)   the persons character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance and court proceedings; and

   (b)   whether at the time of the current offense or arrest, the person was on probation, on parole, or any other release pending trial, sentencing appeal, or completion of sentence for an offense under federal, state or local law; and

(4)     the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  In considering the conditions of release described *infra* of the section, the judicial officer may upon his own motion or shall upon the motion of the government, conduct an inquiry into the source of the property to be designated for

a potential forfeiture or offered as collateral to secure a bond and shall decline to accept the designation or the use as collateral of property that, because of its source, will not reasonably assure the appearance of the person as required.

3. The Defendant herein submits that in the factors to be considered concerning release on bond militate toward the release of the Defendant, MARK POLCHAN.

4. The Defendant, MARK POLCHAN, acknowledges and reiterates the brief filed by his co-defendant, SAMUEL VOLENPENDESTO, as though fully set forth herein, and reiterates "the dangerousness of the charge does not ipso facto provide for the detention of the Defendant." As is enumerated in Mr. Volpendesto's brief, the Defendant is not in a position to rebut all of the allegations by the government, some allegations which have been the subject of five years of investigation within the three (3) days that he has been allowed to prepare this motion. Therefore, he can only speak generally to the allegations, has entered a plea of not guilty, and relies on the fact that he is not guilty of these offenses. Since the charges are but one factor to be considered, the Defendant asserts that under 18 U.S.C., Section 3142(c) all of the conditions regarded therein are satisfied by the Defendant, these conditions under said section are:

(c) **Release on conditions**. - This section enumerates factors that will reasonably assure the appearance of the person and that a determination shall be made by a judicial officer. Pretrial Services has recommended release of Mr. Polchan under less stringent circumstances that Mr. Polchan is personally offering to the Court.

3142(c)(1)(A) - The Defendant shall not commit a crime during the period of release. As this Court can see, the Defendant, MARK POLCHAN, has prior criminal convictions. Mr.

Polchan, however, has not had contact with law enforcement since February of 1996, the date of his last arrest, more than 12 years ago. Also during the period of time that he was arrested for offenses in his youth, had never forfeited a bail bond or failed to appear in Court.

(B)     (i)     The statute requires the Defendant to have the custody of a designated person who agrees to assume supervision and report any violations of release conditions to the Court. The Defendant's wife, Lynette Polchan, has spoken to Pretrial Services, and has agreed to act as third party custodian under subsection (i). Further, the Defendant's mother, who does not reside with Mr. Polchan, will agree to act as a second thirty party custodian to check on Mr. Polchan on a daily basis if it is required by the Court.

    (ii)     The Defendant is gainfully employed and will continue to be employed if the Court allows[2].

    (iii)     The Defendant will agree not to travel at all and has no passport, therefore cannot leave the country.

    (iv)     The Defendant will agree not to have contact with any victims of the crime or potential witnesses who may testify concerning the offense;

    (v)     The Defendant will agree to report to Pretrial Services as designated by this

---

[2] The Defendant will assume that he will not be employed during the period of time that he is released on bond since he is submitting herein that he should be placed on a restrictive house arrest bond. Therefore, while the statute suggests that the Defendant maintain or seek employment, the Defendant's belief is that this Court's bond would be better served by his serving a period of house arrest while on bond.

Court;

(vi) Defendant comply with a specified curfew. The Defendant herein is agreeing to house arrest;

(vii) The Defendant will not possess a firearm or destructive device, or other dangerous weapon as ordered by Court;

(viii) The Defendant was tested upon his arrest; has not excessively used alcohol or any narcotic drugs or controlled substances, and will continue to not use any illegal substances or do not use any legal substances abusively.

(ix) The Defendant is offering this Court substantial assets in the form of real estate. He is willing to and asks this Court to accept as bond:

    (a) a home owned by Mark Polchan and Lynette Polchan in the Village of Marquette, County of Green Lake, Wisconsin, which is currently valued at $80,000.00 and has no liens or encumbrances.

    (b) the home located at 7249 Oak Grove Avenue, Justice, Illinois, 60458 owned by Lynette Polchan (at which he and his wife reside), said home is valued at approximately $280,000.00 and has a lien of $126,371.19. (See exhibit A)

    (c) His mothers house that is located in Joliet, Illinois, said house is valued at $300,000.00 and has a lien of $125,000.00. A total real

       estate offered equity wise on behalf of the Defendant, Mark Polchan is $309,000.00 with a total gross value of $660,000.00.

  (x)  In addition to the above security in the form of real estate, Mark Polchan's mother-in-law and father-in-law named Mary Mareska and William (Bill) Mareska, have agreed to post $100,000 cash in the form of co-signatures. They are solvent and prepared to be liable for that amount of money, and have agreed to post that money as and for bond. So in addition to the substantial real estate offered herein, the Defendant is offering $100,000 in actual cash.

  (xii)  In addition to the above conditions, the Defendant will agree to:

    (a)  reside at 7249 Oak Grove Avenue in Justice, Illinois, with his wife, who is acting as third party custodian and be on electronic monitoring;

    (b)  will not use cell phones;

    (c)  will report to Pretrial Services and will not allow any visitors in his home other than his attorney Alexander M. Salerno and his immediate family.

## **ARGUMENT AND CONCLUSION**

Defense Attorney Alexander M. Salerno has been involved personally in cases with far greater allegations that have resulted in bond. In *United States vs. Infelice*, 934 Fd 2d 103 (7th Cir. 1991) a defendant was released by Honorable Ann C. Williams after being charged with a racketeering conspiracy which included acts of extortion and two murders, and was alleged in a hard count of actually committing murders, therefore facing a mandatory life sentence. The Defendant was released

on bond.  Mr. Volpendesto in a separate pleading has cited a number of cases in support of release on bond, but the law is clear that only a small but identifiable group of particularly dangerous defendants should be detained prior to trial.  Mr. Polchan has three (3) children, Nicholas, age 3, Gracie, age 5, and Mark, age 10.  Prior to the time he began to have children,  he has not had a brush with the law nor has he been arrested for any crimes in the past twelve (12) years.  He has also never failed to appear in Court when arrested for certain offenses.  The Defendant cannot rebut the seriousness of the offense or the specific allegations herein, but submits to the Court that he has plead not guilty in the presumption of innocence should be a strong factor in militating for the release of the Defendant.

He was born in the Chicagoland area; has been raised in the Chicago area, and has a number of brothers and sisters in the area, along with his mother and father.  He has never lived in any other country, and has no ties to any other country, and is not a flight risk.  Of course, the Court can see that the people who really know Mr. Polchan, real individuals, will be here in Court asking for his release, and telling this Court they are sure he will not violate any conditions of bond.  They know Mr. Polchan, and they trust him and tell this Court he is trustworthy.

Because the Defendant faces a long period of incarceration, this Court may be inclined to consider denying him bond, but the fact that the allegations in the case carry long periods of time are not the deciding factor in detaining an individual.  In fact, certain defendants facing mandatory life sentences for racketeering, murders, etc., have been released on bond under conditions less restrictive than the conditions posed by Mr. Polchan in the case herein.  The Defendant has no ties to any other country, has never failed to appear in Court while having felony convictions, has no proveables if he were to testify in this case and is a candidate and should be released on bond.

WHEREFORE, the Defendant, MARK POLCHAN, prays this Honorable Court:

(a)   hold a hearing on this matter;

(b)   release the Defendant on bond pursuant to the conditions listed herein;

(c)   for further relief that is just and proper under the circumstances.

Respectfully submitted,


s/ Alexander M. Salerno
Attorney for Mark Polchan


ALEXANDER M. SALERNO
Attorney at Law
2505 So. Des Plaines Avenue
North Riverside, Illinois 60546
(708) 443-5400