# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 08 CR 115  - / |
| MARK POLCHAN, | ) | |
| MICHAEL SARNO, | ) | Hon. Ronald A. Guzman |
| also known as, "Big Mike, "Mikey," | ) | |
| "Large," and "the Large Guy," | ) | |
| SAMUEL VOLPENDESTO, | ) | |
| ANTHONY VOLPENDESTO, and | ) | |
| CASEY SZAFLARSKI | ) | |

## Memorandum Opinion and Order Determining Polchan's Motion for Leave to File Appearance of Alex Salerno [285]

Defendant Polchan asks this Court to revisit its decision disqualifying attorney Alex Salerno. The defendant maintains that the Seventh Circuit's recent decision in *United States v. Turner*, 594 F.3d 946 (7th Cir. 2010), "bears significantly on this Court's decision to disqualify Salerno". The Court disagrees.

The Court has already found that Salerno previously represented co-defendant and key government witness Mark Hay in substantially related matters, and that Mark Hay has refused to provide Salerno with a conflict waiver. That has not changed and for Salerno to now be allowed to represent a client whose interests are in direct conflict with those of a previous client would constitute a breach of Salerno's professional ethics. Additionally, Salerno has multiple other potential conflicts with co-defendants Sarno and Volpendesto. Furthermore, despite requests for information from Salerno, this Court has not received candid information concerning the extent and nature of Salerno's representation of Sarno and Volpendesto, and/or his relationship with them and therefore cannot reliably determine what other conflicts may exist

and whether these actual and/or potential conflicts can be surmounted. Restricting Salerno's participation in the cross-examination of his former client, Hay, would not cure this substantial potential for conflict. Both Sarno and Volpendesto would be in a position to claim a conflict-of-interest based upon things said and/or done by Mr. Salerno during the course of the trial which might reflect confidential information received from either of them during the times that he has represented them.

For these reasons and the reasons expressed in the court's original ruling, the motion for reconsideration is denied.

Dated: October 1, 2010

**SO ORDERED**        **ENTER:**

**RONALD A. GUZMÁN**

**District Judge**