AO 245B    (Rev. 09/08) Judgment in a Criminal Case
         Sheet 1

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br><br>MARK POLCHAN | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:    08 CR 115 - 1<br><br>USM Number:    22630-424<br><br>DAMON CHERONIS<br>Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

X was found guilty on count(s)     1SSS, 2SSS, 3SSS, 4SSS, 5SSS, 6SSS, 7SSS, 8SSS, 9SSS, 10SSS, and 11SSS, of the THIRD
after a plea of not guilty.                                         SUPERSEDING INDICTMENT

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §1962(d) | Racketeering Conspiracy | 7/30/2008 | 1SSS |
| 18 U.S.C. §1955 | Conducting an Illegal Gambling Business | 7/30/2008 | 2SSS |
| 18 U.S.C. §844(n) | Conspiracy to Commit Arson | 7/30/2008 | 3SSS |
| 18 U.S.C. §844(I) | Arson | 7/30/2008 | 4SSS |

     The defendant is sentenced as provided in pages 2 through    19    of this judgment. The sentence is imposed pursuant to
the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X Count(s)    ALL REMAINING COUNTS      ☐ is    X are   dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence,
or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution,
the defendant must notify the court and United States attorney of material changes in economic circumstances.

28 OCTOBER 2011
Date of Imposition of Judgment

_Ronald A. Guzman_
Signature of Judge

RONALD A. GUZMAN    - U.S. District Judge
Name and Title of Judge

1/12/2012
Date

U.S. DISTRICT COURT<br>2012 JAN 19 PM 4: 11<br>FILED

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 1A

Judgment—Page __2__ of __19__

DEFENDANT:         POLCHAN, Mark
CASE NUMBER:       08 CR 115 - 1

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §924© | Use of a Destructive Device During and in Relation to a Crime of Violence | 7/30/2008 | 5SSS |
| 18 U.S.C. §1512(k) | Conspiracy to Obstruct Justice | 7/30/2008 | 6SSS |
| 18 U.S.C. §659 | Possession of Goods Stolen From Interstate Shipments | 7/30/2008 | 7SSS |
| 26 U.S.C. §7206(1) | Filing False Tax Statements | 7/30/2008 | 8SSS, 9SSS, and 10 SSS |
| 26 U.S.C. §7203 | Failure to File a Tax Return | 7/30/2008 | 11SSS |

DEFENDANT:      POLCHAN, Mark
CASE NUMBER:    08 CR 115 - 1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:

TWO HUNDRED FORTY (240) MONTHS on each of Counts 1SSS, 3SSS, 4SSS, and 6SSS to run concurrently with each
 other;

and  SIXTY (60) MONTHS on Count 2SSS to run concurrent with Counts 1SSS, 3SSS, 4SSS, and 6SSS;

☐   The court makes the following recommendations to the Bureau of Prisons:

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____          ☐  a.m.   ☐  p.m.     on _____

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____                to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:      POLCHAN, Mark
CASE NUMBER:    08 CR 115 - 1

# ADDITIONAL IMPRISONMENT TERMS

and THIRTY-SIX (36) MONTHS on each of counts 8SSS, 9SSS, and 10SSS to run concurrently with each other and concurrently with Counts 1SSS, 2SSS, 3SSS, 4SSS, and 6SSS;

and TWELVE (12) MONTHS on Count 11SSS to run concurrently each other and concurrently with Counts 1SSS, 2SSS, 3SSS, 4SSS, 6SSS, 8SSS, 9SSS, and 10SSS;

and ONE HUNDERD TWENTY (120) MONTHS on Count 7SSS to run CONSECUTIVELY to Counts 1SSS, 2SSS, 3SSS, 4SSS, 6SSS, 8SSS, 9SSS, 10SSS, and 11SSS;

and THREE HUNDRED SIXTY (360) months on Count 5SSS to run CONSECUTIVELY to Counts 1SSS, 2SSS, 3SSS, 4SSS, 6SSS, 7SSS, 8SSS, 9SSS, 10SSS, and 11SSS

for a total term of imprisonment of SEVEN HUNDRED TWENTY (720) MONTHS.

Case: 1:08-cr-00115 Document #: 733 Filed: 10/28/11 Page 5 of 18 PageID #:3989

DEFENDANT:         POLCHAN, Mark
CASE NUMBER:       08 CR 115 - 1

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :        THREE (3) YEARS on each of

Counts 1SSS, 2SSS, 3SSS, 4SSS, and  7SSS,  to run concurrently with each other;

         The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, up to a maximum of 104 tests per year, as directed by the Probation Office.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable.)*

         If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

         The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case: 1:08-cr-00115 Document #: 733 Filed: 10/28/11 Page 6 of 18 PageID #:3990

Judgment—Page    6    of    19

DEFENDANT:          POLCHAN, Mark
CASE NUMBER:        08 CR 115 -1

## ADDITIONAL SUPERVISED RELEASE TERMS

and   FIVE (5) YEARS on each of Counts 5SSS,and 6SSS to run concurrently with each other and concurrently  with Counts 1SSS, 2SSS, 3SSS, 4SSS and 7SSS;

and ONE (1) YEAR on each of Counts 8SSS, 9SSS, 10SSS, and 11SS ro run concurrently with each other and concurrently with Counts 1SSS, 2SSS, 3SSS, 4SSS, 5SSS, 6SSS, and 7SSS.

DEFENDANT:         POLCHAN, Mark
CASE NUMBER:       08 CR 115 - 1

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 1,100.00 | $ | $ 1,934,188.00 |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| see pages 8 through 11 | | | |

| **TOTALS** | $ _____ | $ _____ 1,934,188.00 | |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   X   the interest requirement is waived for the    ☐ fine   X   special assessment

   ☐   the interest requirement for the    ☐ fine   ☐   restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: POLCHAN, Mark
CASE NUMBER: 08 CR 115 - 1

Page 8 of 19

Do not use commas or $ signs

| Name (check column if minor) | Account No. (if applicable) | Address | City | State | Zip Code | Amount | SSN & telephone (for individuals) |
|---|---|---|---|---|---|---|---|
| Jay Montgomery | | | | | | 18000 | |
| Rogers & Hollands Jewelers Attn: Suzanne M. Kozik Director of Inventory Control and Loss Prevention | | 20821 Cicero Avenue | Matteson | IL | 60443 | 10696 | |
| Wanda Wilson (Celine's Fine Jewelry) | | | | | | 1000 | |
| JM Insurance Co, Attn: CL Claims | 8200036950 | P.O. Box 468 | Neenah | WI | 54957 | 5498 | |
| Ram Creations | | 29214 Orchard Lake Road | Farmington Hills | MI | 48334 | 5000 | |
| Penn America Insurance Co. | PAC6167922 | Three Bala Plaza East Suite 300 | Bala Cynwyd | PA | 19004 | 251721 | |
| Zabler Design Jewelers, Inc. Attn: Russell E. Zabler II | | 26 South Prospect | Clarendon Hills | IL | 60514 | 6300 | |

DEFENDANT: POLCHAN, Mark
CASE NUMBER: 08 CR 115 - 1

Page 9 of 19

Do not use commas or $ signs

| Name (check column if minor) | Account No. (if applicable) | Address | City | State | Zip Code | Amount | SSN & telephone (for individuals) |
|---|---|---|---|---|---|---|---|
| Lynne Friedman | | | | | | 5000 | |
| Bella Cosa Jewelers Attn:Joseph Molfese | | 7163 S. Kingery Highway | Willowbrook | IL | 60527 | 2500 | |
| Zurich American Insurance Co. Attn: SIU/RJ Wilkinson | 5700081868 | 1400 American Lane | Schaumburg | IL | 60196 | 24435 | |
| Husar's House of Fine Diamonds | | 131 North Main Street P.O. Box 207 | West Bend | WI | 53095 | 2500 | |
| Penelope Levy | | | | | | 37564 | |
| Travelers Attn:Mary M.K. Dehler Recovery Claim Representative National Property Recovery Center | VQX3470001 | 20800 Swenson Drive Suite 300 | Waukesha | WI | 53186 | 42436 | |
| Anna Marie Mikkelson | | | | | | 250 | |
| State Farm Insurance Attn: Jill Manns | 13H-881289 | P.O. Box 2305 | Bloomington | IL | 61709 | 2402 | |

DEFENDANT: POLCHAN, Mark
CASE NUMBER: 08 CR 115 - 1

Page 10 of 19

Do not use commas or $ signs

| Name (check column if minor) | Account No. (if applicable) | Address | City | State | Zip Code | Amount | SSN & telephone (for individuals) |
|---|---|---|---|---|---|---|---|
| Rob Uffenbeck | | | | | | 78221 | |
| LD Jewelers | | 8073 West 95th Street | Hickory Hills | IL | 60457 | 11902 | |
| Isaac's Fine Jewelry | | 78 Lafayette Avenue Suite 112 | Suffern | NY | 10901 | 155517 | |
| YorQuest Associates, Ltd. | VP621950V VP621950VAB | 34 Nathan Pierce Court | Pawling | NY | 12564 | 490000 | |
| Mark Younker | | | | | | 18840 | |
| State Farm Insurance Attn: Fire Claims Central | 13-H917-506 | P.O. Box 2375 | Bloomington | IL | 61702 | 7971 | |
| Jewelers Mutual Insurance Company Attn: Don Elliot | 82 38293 82 38260 82 38387 51530 82 40004 | 24 Jewelers Park Drive P.O. Box 468 | Neenah | WI | 54957 | 560200 | |
| Richard Slejza | | | | | 60458 | 12676 | |

DEFENDANT: POLCHAN, Mark
CASE NUMBER: 08 CR 115 - 1

Page 11 of 19

Do not use commas or $ signs

| Name (check column if minor) | Account No. (if applicable) | Address | City | State | Zip Code | Amount | SSN & telephone (for individuals) |
|---|---|---|---|---|---|---|---|
| Standard Mutual Insurance Co. | 868114 | 1028 S. Grand Avenue W | Springfield | IL | 62704 | 33448 | |
| Internal Revenue Service Department of the Treasury IRS-RACS Attn: Mail Stop 6261, Restitution | | 333 West Pershing Avenue | Kansas City | MO | 64108 | 148811 | |

Case: 1:08-cr-00115 Document #: 733 Filed: 10/28/11 Page 12 of 18 PageID #:3996

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 115-1 |
| v. | ) | |
| | ) | Judge Ronald A. Guzman |
| MARK POLCHAN | ) | |

## PRELIMINARY ORDER OF FORFEITURE AND
## PRELIMINARY ORDER OF FORFEITURE
## AS TO CERTAIN SUBSTITUTE ASSETS

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981, 1955 and 1963, Title 28, United States Code, Section 2461(c) and Fed. R. Crim. P. 32.2, and the Court being fully informed hereby finds as follows:

(a)    On July 1, 2010, a third superseding indictment was returned by a grand jury sitting within this district. Count One charged defendant MARK POLCHAN with racketeering conspiracy in violation of 18 U.S.C. § 1962(d). Count Two charged defendant MARK POLCHAN with knowingly conducting all or part of an illegal gambling business in violation of Illinois State law 720 ILCS 5/8-2, 5/28-1(a)(3) and (5), in violation of 18 U.S.C. § 1955;

(b)    Polchan was named in Forfeiture Allegations One and Two of the third superseding indictment. Forfeiture Allegation One sought forfeiture to the United States of specific property, namely, funds in the amount of approximately $1,878,172, pursuant to the provisions of 18 U.S.C. § 1963(a)(3). Forfeiture Allegation Two sought

forfeiture to the United States of specific property, namely, funds in the amount of $3,607,201 pursuant to the provisions of 18 U.S.C. § 1955(d) and 28 U.S.C. § 2461(c);

(c)     On March 17, 2010, the United States filed a bill of particulars seeking forfeiture of certain additional property, namely, assorted jewelry seized on July 30, 2008, from Goldberg Jewelers, pursuant to the provisions of 18 U.S.C. § 1963(a);

(d)     Additionally, funds in the amount of $11,276.00 were seized by the Federal Bureau of Investigation ("FBI") on July 30, 2008, from Goldberg Jewelers, together with  electronics, home appliances, bedding, automotive items and other goods, as property constituting and derived from proceeds obtained from the racketeering activity charged in Count One and therefore subject to forfeiture pursuant to 18 U.S.C. § 1963(a);

(e)     Furthermore, on July 30, 2008, FBI seized one 2008 Harley Davidson FLHTC motorcycle, VIN: 1HD1FF41X8Y708518 ("2008 Harley Davidson"), from defendant MARK POLCHAN;

(f)     On December 22, 2010, a jury found MARK POLCHAN guilty of all charged counts of the third superseding indictment, thereby making certain property subject to forfeiture pursuant to 18 U.S.C. § 1963(a)(3), 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 1955(d) and 28 U.S.C. § 2461(c).  On that day, MARK POLCHAN waived a jury determination with respect to Forfeiture Allegation One and the government agreed to dismiss Forfeiture Allegation Two;

(g)     As a result of his violation of 18 U.S.C. § 1962(d), funds in the amount of $1,878,172; assorted jewelry, electronics, home appliances, bedding, automotive items

Case: 1:08-cr-00115 Document #: 733 Filed: 10/28/11 Page 14 of 18 PageID #:3998

and other goods seized on July 30, 2008, from Goldberg Jewelers; and funds in the amount of $11,276.00 seized by the Federal Bureau of Investigation on July 30, 2008 from Goldberg Jewelers, are subject to forfeiture pursuant to the provisions of 18 U.S.C. § 1963(a)(3) as property which constitutes and is derived from proceeds the defendant obtained directly or indirectly from racketeering activity;

(i)     Pursuant to Fed. R. Crim. P. 32.2(b)(2)(B) as amended on December 1, 2009, unless doing so is impractical, the court must enter the preliminary order of forfeiture sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant at sentencing;

(j)     In accordance with this provision, the United States requests that this Court enter judgment in the amount of $1,878,172 against defendant Polchan. The United States further requests that this Court enter a preliminary order of forfeiture (i) pursuant to the provisions of 18 U.S.C. § 1963(a)(3), forfeiting all right, title, and interest defendant Polchan has in funds in the amount of a $1,878,172 judgment; in assorted jewelry, electronics, home appliances, bedding, automotive items and other goods seized on July 30, 2008, from Goldberg Jewelers; and in funds in the amount of $11,276.00 seized by the Federal Bureau of Investigation on July 30, 2008 from Goldberg Jewelers; and (ii) pursuant to 18 U.S.C. § 1963(m) and 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), forfeiting all right, title, and interest defendant Polchan has in the 2008 Harley-Davidson as a substitute asset to be applied in partial satisfaction of the outstanding forfeiture judgment;

Case: 1:08-cr-00115 Document #: 733 Filed: 10/28/11 Page 15 of 18 PageID #:3999

(k)     Pursuant to 18 U.S.C. § 1963, and Fed. R. Crim. P. 32.2, the United States requests that the terms and conditions of this preliminary order of forfeiture be made part of the sentence imposed against defendant MARK POLCHAN and included in any judgment and commitment order entered in this case against him;

(l)     The United States also requests that this Court enter an order declaring that, by an act or omission on the part of defendant MARK POLCHAN, funds in the amounts of $1,878,172 cannot be located to satisfy the forfeiture judgment, pursuant to the provisions of 18 U.S.C. § 1963(m), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), the United States has the authority to forfeit additional substitute assets up to the amounts of $1,878,172 to satisfy the money judgments entered by this Court;

(m)     The United States further seeks to enter an order pursuant to the provisions of 18 U.S.C. § 1963, 21 U.S.C. § 853(g), and 28 U.S.C. § 2461(c), directing the seizure and disposition of the foregoing property pursuant to the notice provisions of Section 1963 of Title 28, and of Section 853 of Section 21;

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1.     The motion is granted.

2.     Judgment is entered against defendant MARK POLCHAN in the amount of $1,878,172.

3.     Pursuant to the provisions of 18 U.S.C. § 1963(a)(3) and Fed. R. Crim. P. 32.2, all right, title, and interest defendant MARK POLCHAN may have in funds in the amount of $1,878,172; in assorted jewelry, electronics, home appliances, bedding, automotive items and other goods seized on July 30, 2008, from Goldberg Jewelers;

Case: 1:08-cr-00115 Document #: 733 Filed: 10/28/11 Page 16 of 18 PageID #:4000

and in funds in the amount of $11,276.00 seized by the Federal Bureau of Investigation on July 30, 2008 from Goldberg Jewelers, is hereby forfeit to the United States of America for disposition according to law.

4.      Pursuant to the provisions of 18 U.S.C. § 1963(m) and 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), all right, title, and interest of defendant MARK POLCHAN may have in one 2008 Harley Davidson FLHTC motorcycle, VIN: 1HD1FF41X8Y708518 is hereby forfeit to the United States of America for disposition according to law as a substitute asset to be applied in partial satisfaction of the outstanding forfeiture judgment.

5.      If by an act or omission on the part of defendant MARK POLCHAN, funds in the amount of $1,878,172 cannot be located to satisfy the forfeiture judgment, pursuant to the provisions of 18 U.S.C. § 1963(m), the United States has the authority to forfeit additional substitute assets up to the amount of $1,878,172 to satisfy the money judgment entered by this Court.

6.      Should assets become available to satisfy the forfeiture judgment in the future, the United States shall at that time file a motion for substitution of assets before this Court requesting permission to seize such assets and publish notice of the United States' intent to forfeit the property in satisfaction of the forfeiture money judgments according to law.

7.      Pursuant to 18 U.S.C. § 1963(k), 28 U.S.C. § 2461(c) and Subdivision (b)(3) of Rule 32.2 of the Federal Rules of Criminal Procedure, upon entry of this preliminary order of forfeiture, the Court hereby authorizes the Attorney General or

his designated representatives to conduct discovery to identify or locate property subject to forfeiture, including substitute assets, and to seize property ordered forfeited upon such terms and conditions as set forth by the Court.

8. The United States Marshal shall seize and take custody of the foregoing jewelry, currency, and motorcycle for disposition according to law.

9. Pursuant to the provisions of 18 U.S.C. § 1963(l)(1), 21 U.S.C. § 853(n)(1), and 28 U.S.C. § 2461(c), the United States shall publish notice of this order and of its intent to dispose of the property according to law. The government may also, pursuant to statute, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of this order.

10. Pursuant to the provisions of 18 U.S.C. § 1963(l)(2), 21 U.S.C. § 853(n)(2), and 28 U.S.C. § 2461(c) any person, other than the defendant, who wishes to assert a legal claim in the property which has been ordered forfeit to the United States must, within thirty days of the final publication of notice or receipt of notice provided under paragraph 9, whichever is earlier, petition this Court for a hearing to adjudicate the validity of their alleged interest in the property. Any party that fails to petition for such a hearing within this thirty day period shall be forever barred, stopped and enjoined from asserting any claim against or interest in the property referenced in paragraphs 3 and 4 herein. Such a hearing shall be held before the Court alone, without a jury.

11. Following the Court's disposition of any and all third party interests, the Court shall, if appropriate, enter a final order of forfeiture, as to the property which is

Case: 1:08-cr-00115 Document #: 733 Filed: 10/28/11 Page 18 of 18 PageID #:4002

the subject of this preliminary order of forfeiture, which shall vest clear title in the United States of America.

12.     Pursuant to the provisions of 18 U.S.C. § 1963(m), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), the United States has the authority to forfeit additional substitute assets to satisfy the remaining balance of the forfeiture judgments, if any.

13.     The terms and conditions of this preliminary order of forfeiture are part of the sentence imposed against defendant MARK POLCHAN and shall be made part of any judgment and commitment order entered in this case against him.

14.     Forfeiture Allegation Two is dismissed as to defendant MARK POLCHAN.

15.     This court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

RONALD A. GUZMAN
*United States District Judge*

DATED: 1/12/2012